Hon. JOHN PIERPOINT,  } Assistant Judges.
Hon. JAMES BARRETT,   }

---

Samuel S. Reed *v.* George D. Chandler.

*Grand List.    Taxes.*

The grand list of a town does not become the legal basis of taxation until a majority of the listers have signed and sworn to a certificate thereon, as required by section 33 of No. 43 of the acts of 1855, (see acts of 1855, p. 55) and by section 2 of No. 47 of the acts of 1856.   (See acts of 1856, p. 52.)*

---

* These two sections  prescribe the form of the oath upon the respective grand lists to which they apply.

REPLEVIN for two cows. The defendant filed an avowry set-ting forth that he took the cows in question as collector of school district No. 13 in Concord, by virtue of a warrant issued to him for the collection of a school tax laid by that district. The only question in the case, which the opinion of the court renders material to be reported, was in regard to the validity, as a basis for taxation, of the grand list of Concord for 1857, upon which the tax in question was assessed.

It appeared that the listers, who made up this grand list, had not appended to the same, or in any way made, a sworn certifi-cate in conformity with the provisions of sec 2 of No. 47 of the acts of 1856. See acts of 1856, p. 52.

One of the listers for that year testified that he declined to sign or swear to the oath printed on the blanks furnished for the list-ers, because it was not according to the facts, and that, as a sub-stitute, they attached a certificate of the abstract of the list, such as is required to be returned to the legislature, but that they did not swear to this certificate.

The court held that the grand list in question was sufficiently completed to become the legal basis of taxation and rendered judgment for the defendant, to which the plaintiff excepted.

—— ——— for the plaintiff.

*O. F. Harvey* and *T. Bartlett*, for the defendant.

REDFIELD, Ch. J. We have spent some time in examining this case with a view to find some allowable mode of legalizing the collection of the tax in question. We have before said that we feel bound to do this where it can fairly be done. Any other course of construction in the revision of the doings of subordi-nate municipal officers, would become an intolerable grievance, and render such duties so hazardous that no prudent man would be willing to incur the peril. This would fling them of necessity into the hands of the more reckless and desperate, a disposition which we should feel reluctant to encourage where it could fairly be avoided.

But there is one defect in the grand list of the town of Con-

cord, in this case, which seems to us to leave it incomplete. We understand that the list does not become the legal basis of taxation until it is completed by the listers and returned as such to the town clerk's office. The terms of the statute are, " it shall be the duty of the listers to complete and return the list as finished, to the office of the town clerk." And the statute expressly requires that " such listers shall attach to such list a certificate, *signed by such listers and verified by oath* before a justice of the peace," giving the form of the oath in the act of 1856, which was in force at the time this list was made.

Now nothing of this kind was done. We are not left to conjecture or intendment in the matter. The exceptions state that the list did not appear to be signed or certified by the listers, and one of the listers testified that he declined to sign or swear to the oath printed on the blanks, because it was not according to the facts, being made in conformity to the Compiled Statutes, which had been superseded by the act of 1856.

As a substitute they attached a certificate of the abstract of the list, such as is required to be returned to the legislature, and this did not appear to have been verified by oath. This cc uld not in any just sense be regarded as evidence of any compliance with the requirements of the statute.

Unless, then, it is competent for the listers to return the list as the completed list of the property of the town and the perfected basis of taxation for the coming year, without signing or making oath to its correctness, this cannot be regarded as a compliance with the statute. We think such a latitude of departure from the requirements of the statute is scarcely allowable in any case. An additional section in the act, provided for this, when the listers forget to comply with the requirements of the statute, or, as in this case, declined to do it, would sound positively ludicrous. And we cannot comprehend how it is possible for the court to hold that in the way of construction, which if it had been expressed would be absurd, and thus absolutely repeal the most significant requirement of the law upon this subject.

And we do not see how we can regard the requirement as merely formal like the oath of office, or giving bonds, where that is not made an express condition precedent. If it were of

that character we might treat it as merely directory to the officer, and not affecting his official capacity as an officer *de facto*, or we might treat it as one of those forms which courts presume to have been complied with, from the fact of assuming the functions of office.

But this requirement does not seem to us of that character. It is not only a substantive requirement and one of essential importance, and a safeguard which the tax payers have the right to insist upon in all cases ; but it seems to have been regarded as an indispensable act, to mark and indicate to all the fact of the completeness of the doings of the listers.   Before that appeared upon the list, no one was bound to regard it as the completed list of the town, and until completed it could not legally form the basis of taxation either in the town or school districts ; *Henry* v. *Chester*, 15 Vt. 460.

It seems to us impossible to escape from this conclusion without entirely disregarding the substantial provisions of the statute and the spirit of all the former decisions of this court upon the subject.   We are, therefore, reluctantly compelled to the conclusion that this judgment must be reversed and the case remanded.