## JOEL HOUGHTON·*v.* A. L. HALL.

### *Taxes.    Grand List.*

If the quinquennial appraisal of real estate is not sworn to by the listers, it is void as a basis of taxation; and a subsequent annual list, made, certified, and sworn to according to the provisions of the statute in relation to such lists, does not cure the defect.

REPLEVIN for a wagon. Trial by the court, September term, 1874. The defendant avowed the taking as highway surveyor of district No. 7 in Bakersfield, under a rate-bill and warrant for the collection of a highway tax assessed on the grand list of 1873, as made and returned by the listers, and not as altered by the equalizing committee of the legislature at the session of 1870, by adding 30 per cent. The appraisal of the real estate in said town in 1870, was never sworn to by the listers; and there was no subsequent appraisal thereof. The court rendered judgment for the defendant for one cent damages and a return of the property replevined; to which the plaintiff excepted.

*H. R. Start,* for the plaintiff.

The tax should have been assessed on the list as altered by the state committee. Ch. 83 of the Gen. Sts , and No. 43 of the Acts of 1867, in effect, restore the provisions of the Rev. ·Sts., and leave the law as it was declared in *Henry* v. *Chester,* 15 Vt. 460.

The appraisal of real estate in 1870 not being sworn to, made the list completed in December of that year, void. Gen. Sts. ch. 83, § 35; *Read* v. *Chandler,* 32. Vt. 285. The list of 1873 is not complete of itself; it contains no statement that the listers have appraised all the real estate at the same sum they would appraise it in payment of a just debt due from a solvent debtor. In order to determine whether the real estate has been so appraised, we must refer to the void list of 1870. The tax-payer has a right to insist that the listers shall state under oath, that they have appraised his real estate, and all other real estate, at the same sum

they would appraise it in payment of a just debt due from a solvent debtor.  The appraisal of 1870 contained no such statement; and there has been no grand list made in the town of Bakersfield since that time that contained such statement.  The plaintiff was not bound to regard the appraisal of 1870 as completed, until the oath required by law had been taken by the listers.  *Henry* v. *Chester,* and *Reed* v. *Chandler, supra.*

*H. S. Royce,* for the defendant.

The statute in force when this tax was assessed, did not provide that highway taxes should be assessed upon the column containing additions made by the state committee ; but only that state taxes shall be so assessed.  Gen. Sts. ch. 83, § 43 ; *Spear* v. *Braintree,* 24 Vt. 414.  The fact that the quinquennial list of 1870 was not sworn to, would not invalidate a tax made upon a subsequent valid list.  *Blodgett* v. *Holbrook,* 39 Vt. 336, 344.

The opinion of the court was delivered by

WHEELER, J.  It was the duty of the listers of the town of Bakersfield in the year 1870, to make a quinquennial appraisal of all the real estate there, at its fair cash value, and to make a list thereof ; Gen. Sts. 519, § 20 ; and to attach to the list, a certificate signed by them or a majority of them, verified by oath, setting forth that they had set down all the real estate situate in that town, according to the best of their information, and had estimated the value of such real estate at such sums as they would appraise the same in payment of a just debt due from a solvent debtor.  Gen. Sts. 522, § 35.  It is the duty of appraisers in appraising land in payment of a debt, to appraise at its true and just value in money.  Gen. Sts. 365, § 21.  This is the same as the fair cash value ; and the listers in making and making oath to such a certificate, would, in effect, certify and swear that they had faithfully performed the duties required of them by law in making that appraisal.  The certificate and oath would be an assurance to each tax-payer that the listers had acted faithfully in the performance of their duties, and be a safeguard against favoritism or prejudice.  Without the oath to the certificate, an im-

portant part of the assurance and safeguard would be lacking. The listers are presumed to have known their duties in this respect; and when they omitted to make oath to their certificate, the presumption is strong that they could not take the oath without committing perjury. It is not a list of real estate so appraised by listers that their consciences will barely permit them to certify, but which they dare not swear, that they have made as required by law, but only a list so made that it can be and actually is certified and sworn to as having been made as required by law, that is a lawful basis of taxation. This was expressly decided in respect to the general list of all taxable property, as made up annually, in *Reed* v. *Chandler*, 32 Vt. 285. The quinquennial appraisal in this case not having been sworn to at all, was, of itself, void as a basis upon which to make up the general annual lists.

The annual list of 1873 appears to have been made up, certified, and sworn to according to the provisions of the law in respect to such lists; and it is argued that the defect in the quinquennial is, as to this list, cured by that certificate and oath; and *Blodgett* v. *Holbrook*, 39 Vt. 336, is relied upon in support of that position. But the listers of 1873 do not appear to have made and sworn to any certificate except the appropriate one for annual lists. Such a certificate would set forth that the listers had *set down* all the real estate, and appraised all additions and made all deductions required by law, but not that they had appraised the real estate other than the additions and deductions, at all. It may be that if the listers had in any year treated the quinquennial appraisal as void, and, under § 24, page 520, Gen. Sts., made, certified, and sworn to an appraisal and list of all the real estate, it would not be necessary for the listers, in after years, before the next real estate appraisal, to appraise it again in making up the annual lists; but no opinion is intended to be expressed about that now. It appears in this case, that no appraisal of real estate was made after the quinquennial appraisal of 1870, consequently, there was no appraisal and list of the real estate on which this tax was made up, either sworn to in fact, or sworn to and certified as sworn to in form, as required by law. In *Blod-*

*gett* v. *Holbrook*, it appeared that the certificate attached to the annual list, on which the tax there in question was assessed, was the same as the law requires for the years of real estate appraisal; so that it would appear that there had been an appraisal of real estate properly certified and sworn to that year. There is this difference between that case and this: in that case, the tax was made out upon an appraisal of real estate certified and sworn to; in this case, the tax was made out upon a list, as to the real estate set in which, except alterations, never sworn to. The tax in question in this case is, therefore, considered to be illegal, and the distraint of the wagon for it illegal.

Judgment reversed, and cause remanded.