TOWN OF TUNBRIDGE v. SMITH AND OTHERS.

*Taxes. Liability on Collector's Bond.*

A grand list not sworn to by the listers, is invalid as a basis of taxation; and the legalization of such list by the Legislature, would not validate taxes previously assessed thereon.

A collector's receipt for tax-bills, whereby he agrees " to collect and pay over " the taxes, is not to be construed to import an absolute agreement on his part to collect and pay over irrespective of the legality of the taxes. There is, in such case, an implied agreement on the part of the town that the taxes are valid and collectable.

For the non-collection of taxes illegally assessed, neither the collector nor the sureties on his bond are liable. But for the misapplication or misappropriation of all moneys voluntarily paid to the collector on such taxes, they are liable.

Tunbridge *v.* Smith et als.

If money collected on one tax-bill be applied by the collector on his receipt for another tax-bill, it is a misapplication as far as the collector is concerned.

DEBT on a constable's bond. Plea, *non est factum*, and notice of special matter. Trial by the court, December Term, 1875, POWERS, J. presiding.

The plaintiff introduced the bond described in the declaration, dated March 5, 1872, signed by the defendant Smith as principal, and the other defendants as sureties. The plaintiff also introduced a receipt, dated Dec. 31, 1872, given by said Smith for certain rate-bills of taxes assessed on the grand list of that year, which said rate-bills he thereby agreed to collect and pay over to the respective treasurers therein named, by certain times therein specified. Plaintiff also introduced the record of the annual meeting of said town in March, 1872, showing the election of town officers, and of the said Smith as constable and collector for the year then ensuing. Also, the record of a warning, and the proceedings of a meeting of said town, held Dec. 12, 1872, at which it was voted to raise 50 cents on the dollar for town tax. Also, the grand list of said town for the year 1872 ; to which the defendants objected, for that the same was not sworn to by the listers. The plaintiff then offered to show that said list was legalized by act of the Legislature in 1874, and offered the year-book of laws of that year ; to which defendants objected. Defendants' objections were overruled, and said grand list and act admitted ; to which defendants excepted. Plaintiff then introduced the tax-bills and warrants named in said receipt, said tax-bills being made out on the list of 1872, to which defendants objected, for that said tax was illegal, having been voted and made out on an illegal grand list, and for that there was not attached to said rate-bill a legal warrant, under and by virtue of which Smith could enforce the collection of the taxes named and set down in said rate-bill. The court overruled all of said objections, and admitted said rate-bill and warrant ; to which the defendants excepted.

It appeared that said Smith was first elected constable and collector of taxes for said town in the fall of 1866, and held the

82

office by successive elections until March, 1873 ; that he had collected all the taxes on said tax-bill of 1872, and paid the same over to the treasurer of said town as hereinafter stated, except $272.81 ; and it did not appear that he had collected any interest on any of the taxes in said bill.   It appeared that $1000 of the money collected by Smith on said tax-bill of 1872, and paid over to the treasurer, was applied by the treasurer on the receipts given by Smith for the tax-bills of 1870 and 1871, which receipts were not taken up ; and that all the money collected by Smith on the tax-bill of 1872, was applied by the treasurer, by direction of defendant, upon old receipts of Smith's for 1870 and 1871.   It also appeared, that there had been in former years a large sum applied upon the receipts of those years for interest on the same, and that there was applied a much larger sum than was collected by Smith, but no interest had been taxed, nor any payment applied for interest, except on receipts which were taken up, the last of which was the receipt of 1869, taken up in 1872.   On that receipt a considerable amount of interest was charged, and the payments made were applied to satisfy the same.   All the applications of payments to the treasurer which were made upon the plaintiff's claim for interest, were made against the objection and under the protest of Smith, he uniformly claiming that interest was not collectible of him on said receipts.   It did not appear that Smith had made use of any moneys collected by him on any of the tax-bills that came to his hands ; and it did appear that he promptly paid over the moneys so collected by him on the tax-bills in question, and on all others, except on certain occasions when he was specially requested by the selectmen to withhold the moneys collected, until certain times when the town were expecting to be called upon for money to meet special claims, to prevent the funds being drawn out on other outstanding orders and claims. It also appeared, that on receiving the tax-bills of 1872, in question, Smith gave due notice agreeably to the statute, of the time when and place where he would receive payment of the taxes ; and it also appeared that Smith diligently endeavored to make collections of said taxes, and took all reasonable means to collect and receive the same from the tax-payers named in said bill, short

of enforcing collections by arrests or distraints under his said warrants ; and it further appeared, that it came to be rumored about town that said list was illegal, and thereupon the tax-payers, to a great extent, thereafter refused to pay voluntarily, and Smith collected all the taxes that the tax-payers would voluntarily pay. It also appeared, that a large proportion of the unpaid taxes appearing on said tax-bill of 1872, were against poor persons, and uncollectible, and ought to be abated, but that the board of authority had not been applied to for abatement of the same.

The plaintiff claimed to recover the full amount of the receipt, deducting the indorsements thereon, together with the balance of interest on the same from the time specified in the warrant and receipt when the same was to be collected and paid over.

The defendants claimed that in no event could the plaintiff recover interest on any balance due, or appearing to be due, on said receipt. That in order to recover in this action, it was incumbent on plaintiff to show that the tax-bill was made out on a grand list of 1872 that was in all respects a legal grand list at the time of the voting and making up of the tax on the same, and the delivery of said tax-bill to the collector, and that the legalization of the list by the Legislature did not obviate the objection. That it was incumbent on plaintiff to show that it delivered to Smith, as constable and collector, a legal tax-bill, made up on a legal list, and accompanied by a warrant in all respects according to the form prescribed by the statute. The defendants also claimed, that the $1000 in fact collected upon the tax-bill in question, and actually applied upon the receipts given by Smith for tax-bills of former years, ought to be applied on the receipt in question, and that it was the legal right of the sureties in the bond, to have such application now made, even though Smith directed the same to be applied upon such former receipts, or in case he gave no directions as to what receipts said moneys were to be applied upon, it appearing that said moneys were actually applied upon receipts of former years that are not yet taken up, and that suits are now pending upon the bonds of said collector given in those years, with parties as sureties different from those upon the bond in this suit. The defendants further claimed, that

if any moneys actually collected on said tax-bill of 1872, had not been paid over to the treasurer, the same could not be collected in this form of action, and the sureties were not liable for it under the bond, and that the only and proper remedy for the town, was by action against the collector alone, for money had and received, and that in no event could the town recover in this action for taxes remaining uncollected on said bill of 1872, for the reasons above assigned.

The court overruled all these claims and objections of defendants, and rendered judgment for the plaintiff to recover the balance appearing to be due on said receipt, less the collection fee ; and ruled, *pro forma*, that plaintiff might recover interest thereon from the time mentioned in said receipt for payment of said taxes to the treasurer. To all which rulings and decisions, the defendants excepted.

*C. W. Clarke*, for defendants.

*S. B. Hebard* and *B. Martin*, for plaintiff.

The opinion of the court was delivered by

Ross, J. It is found that the grand list of the plaintiff town for 1872 was not sworn to by the listers. This invalidated that list for the purposes of taxation. All taxes assessed thereon while it remained in that condition, were invalid, and their collection could not be enforced by law. If paid under protest, the tax-payers could recover them back from the town. *Houghton* v. *Hall*, 47 Vt. 333. The act of the Legislature, purporting to legalize that grand list, need not be considered in disposing of the questions which arise in this case, inasmuch as, if it should be conceded that the act rendered the grand list legal and valid from and after its passage, it could not affect the validity of the tax which had been assessed on that list while it was illegal and invalid.

The receipt given by the collector, Smith, to the town authorities, is not to be construed to import an absolute agreement on his part to collect and pay over to the proper treasurers therein named,

the amount of the rate-bills so received, whether the taxes were legal or illegal, collectible or uncollectible. There was an implied agreement on the part of the town that taxes so assessed and receipted for were valid and collectible. The obligation and liability of the collector is not particularly enlarged by giving the receipt. By receiving the rate-bills and warrants, the collector impliedly agreed to collect and pay over the taxes according to the directions accompanying each rate-bill and warrant. There is always attached to this agreement of the collector to collect and pay over taxes, an implied condition that he will do so, provided the tax is legal and collectible. A collector is, neither by his receipt as ordinarily given, nor by the implied agreement arising from his receiving the rate-bill and warrant, bound to do an impossible nor illegal act. Hence, the taxes assessed on the grand list of 1872, and receipted for by the collector, being illegal and uncollectible, neither the collector nor his sureties on the bond, can be held liable for so much of said taxes as remain uncollected. The County Court, therefore, erred in holding the defendants liable for these uncollected taxes, and the judgment must be reversed for this reason alone.

The consideration of the legality of the warrant attached to the town tax, is unimportant. Although the taxes assessed on that list were illegal, and their collection could not be enforced, the tax-payers could waive the defect, and did so, so far as they voluntarily paid said taxes to the collector. All taxes thus paid to him, he received in the discharge of his duties as collector, and in such a manner that the money thus received became absolutely the money of the town, freed from the right of the tax-payer to recover it back. For all the money thus collected and not paid over, but misappropriated or misapplied, the defendants are liable on the bond in suit. It is found that the collector has paid over to the town treasurer all the money which he has collected on the tax, but that he directed $1000 of it to be applied on receipts held by the treasurer for taxes assessed for previous years. This was a misapplication of that sum so far as regards the collector. Whether the town treasurer at the time he so applied that sum was aware that it was a part of the tax of 1872, and that the

collector was directing a misapplication of it, is not found.  It may be, if the treasurer was made aware of that fact, that the sureties on the bond would not be bound by such misapplication, though the collector would.  We do not now decide that question, because the facts are not fully found in regard to it. The trial in the County Court appears to have proceeded on the basis that the collector was absolutely liable on his receipt, and that if the collector directed a misapplication of any of the money collected, his sureties would be bound by it, although the town treasurer knew of and consented to the misapplication. The town has the $1000, and if it is to be applied on this receipt, then there is no liability on the bond by the sureties or collector, as that sum should be so applied at the time it was received, so that the town would not be entitled to interest on it.  If the application of that $1000 by the collector, under the circumstances, was a misapplication of that sum, binding on the collector's sureties on his bond, then the town is entitled to interest on it from the time of the misappropriation by the collector.  As the facts found are insufficient to enable this court to determine whether that application by the collector was in fact binding on his sureties on the bond or not, though the trial was by the court, the case must be remanded.

Judgment reversed, and cause remanded.