ROWE *v.* HULETT AND TRUSTEE.

*Taxes. Grand List. Gen. Sts. c.* 83, *s.* 36. *Evidence.*

The appending to the grand list of the oath and certificate provided for in s. 36, c. 83, Gen. Sts., although necessary to the validity of a tax assessed upon such list, and to be done before the assessment is made, need not be done before the list is lodged in the town clerk's office, as provided in s. 30 of the same chapter.

In an action by a tax collector under s. 34, c. 84, Gen. Sts., against a delinquent tax-payer, plaintiff, to show the requisite inhabitancy in April, offered in evidence an affidavit given by defendant in the previous January, wherein he made oath that he then was and for some time had been a resident of the town where the assessment was made. *Held*, admissible for that purpose.

THIS was an action upon s. 34, c. 84, Gen. Sts., for the collection of a tax against the defendant, assessed on the grand list of the town of Poultney for the year 1875. Plea, the general issue, and trial by the court, March Term, 1877, DUNTON, J., presiding.

It appeared that plaintiff was collector of taxes in Poultney for 1875; that defendant's name appeared on the grand list of the town for that year; that plaintiff had a tax-book and warrant regular in form, for the collection of town, state, and state-school taxes; that three listers were duly elected for that year, and a town tax of twenty per cent. duly voted on the grand list; that the listers took the oath of office on April 1, before entering upon the performance of their official duties; that on May 10, the day fixed by the listers for hearing grievances, they met in the town clerk's office, and had their hearings, and on that day made such alterations ·of the list as they. saw fit, and all they intended to make, and that when they went away, they left the list in the town clerk's office, intending to leave it there, but in whose if any one's custody or care did not appear; that the listers did not in fact sign the list nor make oath to it, nor append thereto the certificate of oath, till June 24, 1875, when it was signed, sworn to, and certified; that the grand list was completed at the time it was left in the town clerk's office on May 10, except as aforesaid, and that no alterations nor changes were thereafter made in it; that the

selectmen made the assessment on the list as it was left on May 10; and that the tax-book containing the taxes, and the warrant for their collection, were delivered by the selectmen to the plaintiff as collector as aforesaid, on June 26, 1875.

It also appeared that defendant resided in Poultney during the winter of 1874–5, mostly, but left there on March 2, and was not in town nor in the state afterward, except on business, and for a day or two at a time, on April 2 and 30 and about May 10, until after the list and taxes against him were made and placed in plaintiff's hands for collection. But the court found that defendant was subject to assessment and taxation in Poultney, and left there to evade taxation. In the opening, plaintiff offered an affidavit of defendant's, given in January, 1875, in a controversy as to who should be postmaster in Poultney, in which he made oath that he was then a resident of Poultney, and had been for some time before; to which defendant objected; but it was admitted, to which defendant excepted.

On this evidence, the trustee having made disclosure of money in his hands sufficient to cover the taxes and costs, the court rendered judgment for plaintiff; to which the defendant excepted.

*Geo. M. Fuller* and *W. H. Smith*, for the defendant.

The grand list was not a legal basis of taxation, because not completed and returned to the town clerk's office on or before May 10, and because when the tax was assessed neither the list nor the certificate had been signed or sworn to by any of the listers. Gen. Sts. c. 83, ss. 30, 33; *Henry* v. *Chester*, 15 Vt. 460; *Reed* v. *Chandler*, 32 Vt. 285; *Bellows* v. *Weeks*, 41 Vt. 590.

The affidavit was improperly admitted, as the residence sworn to in the affidavit was only such a residence as gave him the right to have a voice in the appointment of a postmaster. Besides, proof of the required residence in January, would not be proof of the like in April.

*J. B. Beaman* and *Chas. F. Eddy*, for the plaintiff.

The grand list was seasonably completed and sworn to, and the oath duly certified. The statute does not specify the time when

the listers shall attach their certificate and make oath to the same. Gen. Sts. c. 83, s. 35. If that be done before the taxes are assessed, it is sufficient. *Downing* v. *Roberts*, 21 Vt. 441 ; *Reed* v. *Chandler*, 32 Vt. 285 ; *Blodgett* v. *Holbrook*, 39 Vt. 336 ; *Tunbridge* v. *Smith*, 48 Vt. 648; *Henry* v. *Chester*, 15 Vt. 460.

The statute is directory, its object being to secure the making of the grand list and the collection of taxes. The limitations are precautionary, and intended to assure the assessment and collection of the taxes. The acts of the listers do not, by not being done within the time prescribed, become incapable of being done afterwards. They not only remain capable of being done, but the duty of the listers to do them remains in force, and their performance might be compelled. *The Mayor of Rochester* v. *The Queen*, 1 Ellis & B. 1024, and cases there cited ; *Ex parte* Heath, 3 Hill, 42 ; Ib. 53, note ; *Pond* v. *Negus*, 3 Mass. 230 ; *Williams* v. *Lunenburgh*, 21 Pick. 375.

But by No. 7, Acts of 1874, the listers were expressly authorized, with the approval of the selectmen, to make additions and alterations in the grand list, even after they had fully completed it, up to July 1. That act must be held to give the listers full authority to do everything necessary to complete and perfect the list up to that date.

The opinion of the court was delivered by

BARRETT, J. In *Reed* v. *Chandler*, 32 Vt. 285, the list on which the tax was assessed was not·sworn to and certified at all. In the opinion in that case, Ch. J. REDFIELD discusses and applies the statute requiring the list to be completed and certified as the basis of taxes to be assessed. In that case the oath and certificate provided for in ss. 35, 36, c. 83, Gen. Sts., are held to be essential, in order to constitute the completed list the basis of lawful and valid taxation.

This is made emphatic by the summing up as the result of the discussion, viz : " But it seems to have been regarded as an indispensable act, to mark and indicate to all the fact of the completeness of the doings of the listers. Before that appeared upon the list, no one was bound to regard it as the completed list of the

Rowe v. Hulett and trustee.

town, and until completed, it could not legally form the basis of taxation." Inferentially, and upon first impression, what was said by Judge REDFIELD would seem to cover the case now in hand. But it is to be noted and kept in mind, that the point before the court then was, whether a tax, assessed on a list that had not been sworn to and certified at all, was valid, as depending on that requirement of the statute. What was said by him is to be regarded as having been prompted by the case, and as having been said with reference to the point to be decided, and as constituting the reasons on which the decision was made.

All that was thus said was pertinent and proper in that view. But it is not to be assumed that if that case had been the same as this case is, he would have said the same that he said in that case, or that the decision would have been the same. What he said about the effort of the court to maintain that tax, notwithstanding the condition of the list on which it was assessed, favors the idea that if the list had in fact been sworn to and certified before the tax had been assessed, that tax would have been held to be valid. It is to be noticed that the burden under which the court was laboring was, that the list had not been authenticated by the oath and certificate prescribed by law, when the tax was assessed, and so had not become the legal basis of taxation. Nothing is said as to the time of making such authentication, as affecting the validity of the tax. " Before that appeared upon the list, no one was bound to regard it as the completed list of the town," is his language. But it is to be remarked that the only occasion that anybody had for regarding it, was when taxes had been assessed upon it. It would be of no interest nor subject of regard to any one till then, and then the subject and point of interest and regard would be, whether it had been authenticated by the oath and certificate of the listers. That oath and certificate would bind the conscience of the listers, and thereby would have their moral force as an act of authentication, whatever may have been the time of making them, if made as official acts, and for the purpose of doing the official duty prescribed by the statute in that behalf. Independently of the language of Judge REDFIELD, and looking only to the statute itself, in its application to the case now to be-

Rowe v. Hulett and trustee.

decided, it is quite as easy, as matter of argument, and quite as accordant to the practical ideas involved, to hold that the oath and certificate are not required to be on the list when filed on the 15th of May in the town clerk's office, in order to make it "completed," in the sense of the word as used in the 30th sec., as to hold that they are required.

Prior to that sec. 30, in the order of the chapter, the chapter contains provisions for the doing of everything constituting the assessment and the making up of the list for the assessment of taxes.

In sec. 30 it is enacted that "the grand list shall be completed for the assessment of taxes and lodged in the town clerk's office on or before the 15th of May." Down to this point, nothing is enacted about the doing of any thing more as constituting the completion of the list, and all had thus far been done under the oath of office.

The requirement for the special oath and certificate is in sec. 36, which is in these words : "The oath required of the listers of the several towns in this State, and to be appended to their respective grand lists, for each year, except the years of valuation," &c.

That seems to imply that a grand list was to be regarded as having been *completed* as previously provided, to which, as thus completed, were to be appended the prescribed oath and certificate. The idea is not, that the oath and certificate enter into the grand list, as spoken of in sec. 30, as a constituent element of its body and substance, but that they are to supervene upon the completed body and substance, and be appended to the already created and completed list. As already said, nothing is said in the statute as to when such appending is to be done. Unless necessary to the completing, meant in sec. 30, then, of course, if done seasonably to give due authenticity and vitality to the completed list as the basis of taxation, it would answer all the purposes, and would not be at variance with the terms, of the statute.

In this connection it is seen that the 35th sec., providing for the certificate in years of appraisal, imports the same idea by its language, thus : "The listers shall attach to their list a certificate," &c., being the list that is required in sec. 34, in these words :

81

Rowe *v*. Hulett and trustee.

"The listers in the several towns shall complete and return their grand list on or before the 15th day of December," &c.

They are to attach the certificate to their list as already made, not as partly made and not completed, in the sense of the section requiring the completion and return.

In *Downing* v. *Roberts*, 21 Vt. 441, the list on which the tax was assessed had not been sworn and certified when lodged in the town clerk's office; and that was made a distinct point and ground of invalidity in the tax, both in the County Court and in the argument in the Supreme Court. No notice is taken of it in the decision. But the decision, that the tax was invalid, was put upon the ground and reason that the plaintiff's name was not in the list when lodged in the town clerk's office at the time prescribed, nor in the tax-bill when made out, but was inserted afterwards in both by the selectmen or listers. That was held to be unauthorized and illegal; and it was held that such additions could not be made after the list has been returned as completed, and the time for so doing had elapsed. In *Bellows* v. *Weeks*, 41 Vt. 590, the decision on that point was repeated, in which case the list had been duly returned as completed, and additions and alterations were made afterwards. For such a purpose, in the language of the opinion, the relation of the listers to the list "was precisely the same as that of any other inhabitant of the town;" which was only repeating, by different phrase, what had before been said, viz., that the listers had no legal authority to make alterations and additions after the list had been returned, as was their duty to return it to the town clerk's office. Neither of those cases, either in the points decided, or in the language used in the opinion, bears on the question whether the appending of the oath and certificate to the list must have been done before its return at the time limited, in order to render it valid as the basis of taxation.

It hence is manifest that this question is now for the first time to be decided, and stands without precedent or rule in any judgment hitherto rendered. We abide by the familiar doctrine that taxes, in order to be valid, must be assessed in substantial conformity to the provisions and requirements of the law; and rec-

Rowe v. Hulett and trustee.

ognize as sound and proper what was said and held in *Henry* v. *Chester*, 15 Vt. ; and what was held and said as applicable to the cases then in hand, in the case of *Chandler* v. *Reed*, 32 Vt., and *Downing* v. *Roberts*, 21 Vt., and *Bellows* v. *Weeks*, 41 Vt., and *Tunbridge* v. *Smith*, 48 Vt.

At the same time, approbating the spirit and disposition expressed by Ch. J. REDFIELD, in *Reed* v. *Chandler*, and manifested by the rulings and views in the decision of *Blodgett* v. *Holbrook*, 39 Vt., we deem it our duty to hold that the appending to the list of the oath and certificate, as provided in sec: 36, is necessary in order to render valid a tax assessed on such list, and that it must be done before such tax is assessed ; but that it is not necessary that it should be done before the lodging of the list in the town clerk's office, as provided in sec. 30 of c. 83.

The case shows by what is stated, and by proper legal inference therefrom, that the requirement of sec. 36 was complied with before the tax in question was assessed. The tax is therefore held to be valid.

In view of a suggestion that was made after the decision was announced, it is proper to be said that the court construed the expression in the case as stated, " that the selectmen made the assessment of the taxes on the list as it was left on May 10," to have reference only to there having been no alterations or changes made after that day, in what had been. completed and finished when so left, and as not intended to embrace in that negation of " alterations or changes " before the assessment of the taxes, the making of the oath and certificate on June 24th. In view of the language used and the judgment rendered, supplemented by the manner in which the subject was treated in the argument, it was not doubtful in the minds of the court that such is the true construction, and that the case is to be regarded as showing that the tax was assessed after that certificate and oath ; and it was so regarded.

As the case is certified to this court, the only ground presented for questioning the validity of the tax, is that of the oath and certificate not having been appended to the list till June 24th. The general and comprehensive statement of facts and findings in other

respects, sufficiently shows a valid tax, in view that no claim or point appears to have been made on the trial in the County Court that required the case to be stated with more detail of facts, or with more particularity.

The affidavit of the defendant was pertinent as evidence bearing on the question of his being so an inhabitant of Poultney as to be subject to being listed and taxed in that town; and particularly as bearing on the question of the intent with which he had left and been out of Poultney after making that affidavit, and up to the 1st day of the next April.

The matter of inhabitancy in a given place, for purposes within the cognizance of the law, is often to be determined by events extending through periods of greater or less extent, depending on the circumstances of the given case. What one regarded as his home as an inhabitant in January, may bear strongly upon where was his home on the 1st day of the following April, especially when a claimed change of home is subject to question, as being in avoidance of due subjection to the law. Upon what appears, it cannot be held that the admission of the affidavit was erroneous as matter of law.

Judgment affirmed.