## TOWN OF FERRISBURG *v.* H. C. MARTIN, G. W. PALMER AND JOHN BIRKETT.

*Collector's Bondsmen, Liability of. Payment, Application of. R. L. ss. 441, 2693. Reference.*

1. The relation of a tax collector's bondsmen to the town is that of sureties; and they are not to be held beyond the precise terms of their contract.

2. When a tax collector makes a payment of taxes collected, and fails to state how they should be applied, and when the treasurer also fails to notify the bondsmen that no application has been made, as provided by statute—R. L. s. 441—an arbitrary application made by the treasurer is not conclusive. Money collected and paid to the treasurer when the bondsmen were sureties should be applied in extinguishment of their liability, unless they consented to a different application.

3. To determine the liability of the bondsmen it is necessary to ascertain what tax bills were delivered to the collector during the time named in the bonds, the amount collected and when collected, and the amount paid to the town treasurer and when paid; and where these facts are not found by the referee the case will be re-committed.

4. It is not a breach of official duty on the part of a collector to neglect to account for uncollected tax bills where no warrants were annexed to them.

5. A list is not legal which is not signed by a majority of the listers.

ACTION of debt on bonds executed by a tax collector with sureties. Heard on the report of a referee, June Term, 1887, ROWELL, J., presiding. Judgment *pro forma* on the report for the plaintiff to recover $2,290.14.

The referee found that only one of the three listers of the plaintiff town, in 1878, signed the oath required by section 36 of chapter 83 of the General Statutes; but the *jurat*, signed by the justice of the peace, stated that the three (naming them) subscribed the oath. The other facts are sufficiently stated in the opinion.

*Eldridge & Slade*, for the defendants.

The defendants are not liable for uncollected taxes on tax bills where no warrants were annexed. *Tunbridge* v. *Smith*, 48 Vt. 648; 3 U. S. Dig. p. 62, s. 1174. Nor are they liable for the uncollected taxes of 1878, when only one lister signed the oath. Gen. Stat. p. 522, s. 36; *Reed* v. *Chandler*, 32 Vt. 285; 41 Me. 537; Cases, *supra.* Nor are the sureties liable for deficits occurring prior to the time they signed the bonds. *Ward* v. *Stahl*, 22 Alb. L. Jur. 94; *Thomas* v. *Blake*, 19 Alb. L. Jur. 519; *Vivian* v. *Otis*, 1 Am. Rep. 199; *Rochester* v. *Randall*, 7 Am. Rep. 519; 20 Am. Rep. 266. Sureties are only liable for default during the term of the bond. *Van Sickle* v. *Buffalo*, 42 Am. Rep. 753; *Commonwealth* v. *Cole*, 46 Am. Dec. 509; *State Treasurer* v. *Mann*, 34 Vt. 371. The money collected on the lists of 1880, and subsequent lists, while the defendant sureties were on the collector's bonds, should be applied on those lists. 10 U. S. Dig. p. 84, s. 1024; *St. Albans* v. *Failey*, 46 Vt. 448.

*Stewart & Wilds*, for the defendant.

These general payments should be applied to liquidate any balances due the town from the collector arising out of the tax bills previous to 1880.

The rule is well settled in this State and in the United States Supreme Court, as well as in England, that general payments and credits will be applied to extinguish indebtedness in the order of time in which they accrued. Per RED-FIELD, J., *St. Albans* v. *Failey*, 46 Vt. 448; *Coleraine* v. *Bell*, 9 Met. 469; *Sandwich* v. *Fish*, 2 Gray. 298; *Robie* v. *Briggs*, 59 Vt. 448; *Langdon* v. *Bowen*, 46 Vt. 512; *Readfield* v. *Shaver*, 50 Me. 36.

The opinion of the court was delivered by

ROYCE, Ch. J. This is an action of debt on bonds executed by the defendant H. C. Martin as principal, and the other de-

fendants as sureties, conditioned for the faithful performance by the said H. C. Martin of the duties of first constable and collector for the town of Ferrisburgh for the years 1880, '81, '82, '83 and '84. The breaches complained of are that the said Martin did not account for certain tax bills confided to him as collector during the aforesaid years. The case was heard upon the report of a referee.

It is found that said Martin was elected first constable and collector in 1875, and was annually elected and held said office until the first Tuesday of March, 1885, and that during that entire period he seasonably received from the selectmen of the town the annual town tax bills, and that they also seasonably placed in his hands for collection certain State and school tax bills and lists of unpaid highway taxes. No warrants were annexed to any of said bills, except the town tax bills for 1876, '77 and '78, and the highway tax bill on the list of 1877, and the grand list for 1878, not having been signed by a majority of the listers, was not a legal list. *Reed* v. *Chandler*, 32 Vt. 285. Said Martin collected a large amount on said tax bills, but the dates of such collections were not shown, and the question here presented is whether he accounted for the moneys so received agreeably to the conditions named in his bonds during the time that Birkett and Palmer were his sureties. Their relation to the town was that of sureties, and their rights and liabilities are to be determined under the rule promulgated in *State Treasurer* v. *Mann*, 34 Vt. 378 : " That they are not to be held beyond the precise terms of their contract," and that where the surety's engagement relates to a particular office, it extends only to such things as were included in the office when the engagement was entered into. Chitty on Contracts, 523. It is made the duty of the selectmen, by section 2693, to make out and deliver to the collector tax bills for the collection of state, town and highway taxes, and to annex to the town and highway tax bills warrants for their collection. Without such warrants the collector would be powerless to enforce payment, and it would not be a breach

of official duty to neglect to account for such tax bills. But whatever sums the taxpayers have voluntarily paid on such tax bills become the property of the town, and were received by the collector in the discharge of his official duty. *Tunbridge* v. *Smith*, 48 Vt. 648. The first bond declared upon was executed on the 3d day of May, 1880, and was conditioned for the faithful execution of the office of constable and collector by Martin for the year ensuing, and the other bonds were in like form and executed yearly thereafter.

It was the duty of the collector to pay over the amount he might receive on the tax bills to the town treasurer, and that was the official duty that the sureties by their bonds guaranteed that he should perform. They did not assume any liability for the disposition of the money after it had been paid to the treasurer, and can not be made liable on account of any appropriation or misappropriation that may have been made of it. It is true that by section 441 it is made the duty of the collector, when he makes any payment on account of taxes collected, to state the tax on which it shall be applied, and if he fails to do so it is made the duty of the treasurer to immediately notify his bondsmen that no application has been made, and that unless the collector shall direct an application within ten days, the application made by the treasurer shall be conclusive. thus plainly indicating that in the application of payments which may affect the liabilities of bondsmen they have the right to be heard. And in the absence of opportunity to be heard, the arbitrary application of payments made by the treasurer would not be conclusive of their liability.

It was said by Judge SPENCER in *Ludlam* v. *Simmond*, 2 Caines' Cases in Error, that sureties were favorites of courts of law and would not be bound beyond the scope of their engagements. To enlarge their liability as the result of what was done by the treasurer would be substituting another contract in lieu of the one entered into by the parties.

It was the right of the sureties to have the money collected by the collector and paid over to the treasurer on the tax bills

that were delivered to him during the time they were his sureties applied in extinguishment of their liability, unless they consented to a different application being made. To determine the question of the liability of the sureties it is necessary to ascertain what tax bills were delivered to the collector during the time named in the bonds declared upon, the amount collected by him on the same, and when collected, the amount paid by him to the town treasurer, and when paid. The facts found by the referee, and the tables appended to his report, do not furnish that necessary information. So no judgment can be rendered in the case as it is now presented.

The judgment is reversed and cause remanded in order that it may be re-committed to have the above facts found.