A. M. CARPENTER ET AL. *v.* TOWN OF CORINTH.

*Re-hearing. Tax collector. Surety. Application of taxes paid over by collector.*

1. A referee having reported that he cannot find from the evidence before him as to a particular fact, and judgment having been entered on his report, the case will not be opened for further finding as to such fact in case of newly discovered evidence.

2. Where a town collector uses the tax collected in one year in paying up arrearages for taxes collected in previous years, without the knowledge of the town authorities, his sureties are liable for the amount so applied.

3. *Ferrisburgh* v. *Martin*, 60 Vt., distinguished.

These were two petitions to the Supreme Court for the County of Orange, for a rehearing on the questions of law involved and decided by the Supreme Court in the original cases, and also for a new trial on the ground of newly discovered evidence. The original suits were upon the bond of Carpenter for the faithful discharge of his duties as constable and collector of the defendant town, for the years 1879 and 1880. It had been claimed by the sureties in those suits that the moneys collected by Carpenter in those years had been actually paid over to the town by him, but that they had been applied in satisfaction of his tax receipts for previous years. The other facts sufficiently appear in the opinion.

The defendant moved to dismiss.

*W. B. C. Stickney*, for the petitioners.

The case shows that Carpenter was the collector of the town for a series of years, the last of which were the years in question. He used the money collected by him on the rate-bills for these years to pay up the arrearages for previous years, without the knowledge or consent of his sureties. The decision previously rendered makes the sureties liable for the money so applied. This was error by the holding of this and all other

courts, and should be corrected. *Texas* v. *Middleton's Sureties*, 57 Tex. 185 ; *Burnett* v. *Abbott*, 53 Vt. 120 ; *Haley* v. *Petty*, 42 Ark. 392 ; *Kellum* v. *Clark*, 97 N. Y. 390 ; *State Treasurer* v. *Mann.*, 34 Vt. 371 ; *Myers* v. *U. S.*, 1 McLean, 493 ; *U. S.* v. *Eckford's Exrs.*, 1 How. 250 ; *Rogers* v. *State,* 99 Ind. 218 ; *Webster* v. *Hutchinson*, 60 Ia. 271 ; *Cox* v. *Hill,* 5 Lea. (Tenn.) 147 ; *Farrar* v. *U. S.*, 1 Pet. 373 ; *Bissell* v. *Saxton*, 66 N. Y. 55, 60 ; *State* v. *Orr*, 12 Lea. (Tenn.) 725 ; *State* v. *Alsup*, 4 S. W. Rep. 31.

*R. M. Harvey*, for the defendant.

The petitions should be dismissed. If treated as a motion for a rehearing they should have been made at the time at which judgment was rendered. R. L. s. 1421 ; *Foster* v. *Austin*, 33 Vt. 615 ; *Ins. Co.* v. *Reynolds*, 52 Vt. 405.

If they are petitions for a new trial, they should have been served on the defendant within one year if for errors of law, within two years if for newly discovered evidence. R. L. s. 1425 ; *Mower et al.* v. *Warner*, 16 Vt. 395 ; *Bradish* v. *State,* 35 Vt. 452.

The case of *Ferrisburgh* v. *Martin*, 60 Vt., holds that the town treasurer cannot apply taxes collected and paid in one year to the arrearages of previous years without the consent of the sureties.

The opinion of the court was delivered by

TYLER, J. The petitioners were principal and sureties upon Carpenter's bonds to the town of Corinth, in the years 1879 and 1880. Judgments were rendered at the General Term, 1887, against the petitioners, who were defendants in the suits upon which these petitions were brought, on the ground of Carpenter's default in not paying over money received by him as collector of taxes on the tax bills for those years, as reported by the referee.

The petitioners ask that those suits be brought forward and reheard, and allege : 1st. That the referee failed to find certain facts, which, upon the evidence, he should have found

Carpenter et al. *v.* Town of Corinth.

and which would have lessened the judgments; and, 2d. That upon the facts reported the plaintiff was not entitled to judgments.

The referee first reported that Carpenter collected the taxes for the years in question, excepting about $400, but he was unable to find that all the money thus collected was paid by the collector to the town treasurer. The County Court recommitted the reports with explicit instructions to the referee to find and report what part, if any, of said money was applied on the receipts for other years. In the supplemental reports the referee says it is apparent from the evidence that some of the money collected on the tax bills of 1879 and 1880 must have been used by Carpenter in settlement of tax-bill receipts for other years, but how much was misapplied it was impossible to find from the evidence. Quoting the referee's language: "It is probable that in this loose way of collecting taxes upon different years' tax books, at the same time, without keeping the collections separate, some of the money thus collected  *  *  *  . may have been applied upon other tax receipts, but what amount or whether there was any misapplication does not appear in evidence and cannot be properly or legitimately inferred from any part or the whole evidence in the case."

All questions of fact relative to the misapplication were for the referee to determine, if he could, but he has twice reported that he is unable to find differently from what appears in the reports.

More definite findings as to the disposition of the money collected on the tax bills in question might possibly have led to different results, but the petitioners have had their full day in court for the determination of all questions of fact, and the reports of the referee must be considered final. We do not understand the petitioners seriously to insist that they have newly discovered evidence that, on a new trial, would be likely to produce a finding that more money was paid in to the treasurer by the collector on his tax-bill receipts for the years in which they were

(8)

sureties, than the referee has already reported, or to reverse the referee's finding that the selectmen had no knowledge of the collector's misapplication of the money collected. What is most insisted upon is that the plaintiff was not entitled to judgments upon the reports submitted. *Weston* v. *Winship*, decided at the last General Term, is full authority for holding the sureties liable on the bond of 1879. In the case of *Ferrisburgh* v. *Birkett*, 60 Vt. 330, which the petitioners seem to place some reliance upon, the statement of facts is quite meager, but from what appears in the opinion it is apparent that the treasurer, without notice to the sureties, made the application of the money that Martin paid into the treasury. In this case the referee expressly finds that the collector directed the application of the money when he paid it to the treasurer, and that the selectmen had no knowledge of any misapplication by him. What is said by the court on this subject in *Ferrisburgh* v. *Birkett* must be understood as having reference to an application of money by the treasurer, for s. 441, R. L., plainly recognizes the right of the collector to direct the application. It is only when he omits to do so that it becomes the duty of the treasurer to notify the sureties before making the application himself.

Section 441, R. L., therefore, does not apply to this case, upon the facts reported. Inasmuch as the collector directed the application of the money, it would not have relieved his sureties if the referee had found and reported that all the money collected by Carpenter on the tax bills for the years in controversy was applied by him on tax-bill receipts for previous years, unless the misapplication was shown to have been made with the knowledge of the selectmen or treasurer. As was said by the court in *Lyndon* v. *Miller*, 36 Vt. 329: "So far as the town was concerned, he (the collector) became responsible for the misapplication of the money to the same extent that he would have been if he had applied it to his private use in any other way, and the very purpose of the bond was to protect the town from any misapplication of the proceeds of the taxes by him."

Carpenter et al. *v.* Town of Corinth.

The case, briefly stated, is, that Carpenter collected the taxes for the years 1879 and 1880, except about $400, and made default by paying to the treasurer on the tax-bill receipts for those years only part of the money so collected by him. The referee has found and reported the amount of the deficits, and this court has rendered judgments therefor. No other judgments could properly have been rendered on the reports.

*The petitions must be dismissed with costs.*