STATE *v.* ROLAND G. BALDWIN ET ALS.

(70 A2d 242)

Special Term at Rutland, November, 1949.

Present: SHERBURNE, C.J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed January 3, 1950.

*Lawrence & O'Brien* for respondent Baldwin.

*Clayton H. Kinney* for respondent Clark.

*Christopher A. Webber* for respondent Tarbell.

*Clifton G. Parker,* Attorney General, and *Robert T. Stafford,* State's Attorney, for the State.

JEFFORDS, J. This is a complaint brought against the respondents in which it is alleged, in substance, that on March 12, 1947, they were the selectmen of the town of Mt. Holly and that they failed and neglected to perform a duty imposed upon them by law in that they failed to require the treasurer of the town to give a bond to the town before the treasurer entered upon her duties of

that office. In a second count the duty alleged to have been neglected was the failure to require the treasurer to give a bond to the town school district before entering upon her duties.

The respondents filed demurrers to the complaint. The ground for each was that the complaint was insufficient, as a matter of law, as a basis for a prosecution of the respondent. The demurrer of each respondent was overruled and the court in its discretion stayed further proceedings and passed the cause to this Court before final judgment for a determination of the exception of each respondent to the order overruling his demurrer.

The prosecution is brought under V. S. 3661, Rev. 1947, for the alleged violation of V. S. 3533, Rev. 1947.

V. S. 3661 reads as follows: "Unless otherwise provided, a town officer who fails or neglects to perform a duty imposed upon him by law shall be fined not more than $100.00."

V. S. 3533, as far as here material, provides that before certain town officers, including the treasurer, enter upon the duties of their offices, the selectmen shall require each to give a bond to the town conditioned for the faithful performance of his duties. The treasurer is also required to give a bond to the town school district for like purpose. All such bonds shall be in sufficient sums and with sufficient sureties as prescribed and approved by the selectmen. No penalty is specifically provided for the failure of the selectmen to require the giving of the bonds.

The essence of the claim of the respondents in support of their exceptions is that the duty of requiring the giving of a bond under the statute is imposed on the selectmen as a board and not upon each of them individually. They say, this being so, there was here no failure or neglect to perform a duty imposed by law on any of them individually which is the basis of the charge in the complaint. They further claim that no liability attaches for neglect of a board duty by a member unless such neglect is wilful and that there is no allegation of wilful neglect on the part of any of these respondents.

By V. S. 3511, Rev. 1947, it is required that each town shall have three selectmen. By V. S. 3516, Rev. 1947, it is provided that forthwith after their election and qualification they shall organize and elect a chairman and, if so voted, a clerk from among their number. It is thus apparent that the Legislature intended that selectmen should and could function as a board. It is also

clear that in most instances in order for their acts to have any force they must so function. When board action is required it must be by a majority, at least, of the members. *Goslant* v. *Calais,* 90 Vt. 114, 123, 96 A 751; *St. George* v. *Tilley,* 87 Vt 427, 429, 89 A 474; *Daniels* v. *Hathaway,* 65 Vt 247, 250, 26 A 970, 21 LRA 377; V. S. 16, Rev. 1947. The question is whether the duty cast upon selectmen under V. S. 3533 is one requiring action by the board, or a majority thereof, or whether it is a duty which they as individual selectmen are charged with carrying out.

It should be noted at the outset that this duty is imposed on *the* selectmen. This wording of the statute indicates that collective action must be taken in the matter of requiring the bond. The same language is used in all of the statutes setting forth duties of the selectmen which undoubtedly require board action for their performance. Thus it is not at all decisive in determining our question that the word "board" is not used in the statute. *Daniels* v. *Hathaway,* 65 Vt 247, 249, 26 A 970, 21 LRA 377.

It is therein provided that the required bonds shall be in sufficient sums and with sufficient sureties as prescribed and approved by the selectmen. *Weston* v. *Sprague,* 54 Vt 395, had to do with the statute which was worded, in all respects here material, the same as V. S. 3533. The requirement there in question was that of a constable to give a bond before entering upon the duties of his office. In that case it is stated on page 398: "It is evident that the selectmen are to act before the constable is called upon to move. The selectmen must *require* the bond; they must fix the penal sum and the qualifications of the sureties, otherwise it is impossible for the constable to discharge the duty enjoined upon him." And again on page 399: "It is obvious that the selectmen must first fix the amount of the bond and determine the kind of security." In *Bowman* v. *Barnard,* 24 Vt 355, the question also was as to a constable's bond. It is therein stated on page 363: "And he is not required to give bonds, until certain preliminary steps are first taken by the selectmen of the town; they are to specify the amount for which the bond is to be given, name the securities required, and request its due execution."

It is clear that it was considered in these cases that the selectmen acting as a board must take the necessary steps leading up to the requiring of a bond and there can be no doubt that they must so act. *First Nat. Bank* v. *Mt. Tabor,* 52 Vt 87, 99, et seq.,

36 Am Rep 734. The complaint contains no allegation that this necessary action was taken. But passing over the question of whether lack of such an allegation rendered the complaints demurrable, it is apparent the Legislature intended that the requiring of the bond should be a board duty as well as that of passing on the bond in the first instance. The language used in the statute as to each duty is the same, "the selectmen," etc. It is clear that in the Weston and Sprague cases, supra, this was the construction given to the statute. In those cases both duties are imposed on the selectmen with no qualifications or distinctions noted. In fact in the Weston case emphasis is placed on the duty of the selectmen to require the bond. No reason has been advanced, nor have we found any, why the Legislature intended to impose one of the duties under discussion on the board and not the others. It is clear that such was not its intention.

The question remains whether the Legislature intended to impose the concurrent duty on the selectmen individually and on the board of requiring the bond. We have found no cases which support, or tend to support, an affirmative answer to this question. If such a duty were imposed, divided responsibility would result with the loss of orderly procedure in the matter which would tend to bring about confusion and delay. The Legislature could not have intended to have this happen. It must be concluded it was intended that the general rule stated in the Goslant, St. George and Daniels cases, supra, should here apply. It must follow that inasmuch as no requirement of a bond by one of the selectmen, unless authorized to act for the board, would have any force, there was no duty imposed by law, upon an individual selectman under V. S. 3533 to require the bonds in question.

What purpose does V. S. 3661 serve if our conclusions above stated are correct? This question might well be asked and the answer to it is plain. There are many duties, not necessary here to mention, which by various statutes have been imposed on selectmen individually. V. S. 3661 was enacted in 1933. Prior to that time a selectman, being a town officer, was only liable for neglect to perform a duty imposed on him individually as such officer if the neglect was wilful. V. S. 8580, Rev. 1947. Under V. S. 3661 he is liable for ordinary or simple neglect to perform such a duty. For liability to be incurred by a member for the neglect of a duty imposed by law upon a board, it must be alleged and proved

that such neglect was wilful on his part. V. S. 8581, Rev. 1947. There is no allegation of wilful neglect in the complaint here in question.

This complaint charges no crime and it cannot be amended to charge one under V. S. 3661.

*The judgment overruling the demurrers is reversed. The complaint is adjudged insufficient, and it is dismissed and the respondents are discharged.*