## ABC Realty Corporation et al.

### v.

### Cecil A. Bissonette, Treasurer and Tax Collector, Town of Rockingham

[274 A.2d 694]

No. 74-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Martin, Supr. J.

Opinion Filed February 2, 1971

228

*Divoll & Buckley,* Bellows Falls, for Plaintiffs.

*Thomas P. Salmon,* Bellows Falls, for Defendant.

**Barney, J.** The several plaintiffs are bringing this equitable action seeking to enjoin the collection of their taxes in Rockingham, based on the grand list of 1969, or, if paid, their return. The defendant's motion to dismiss was denied and the matter went to hearing. The chancellor found the grand list invalid, and declared the taxes assessed thereunder against these plaintiffs uncollectible. This appeal followed.

The heart of the matter is the composition of the board of listers that compiled the grand list in question. It consisted of five members. Five-member boards of listers are permitted by statute, 24 V.S.A. § 714, when previously authorized by vote of the town, two of the members being elected for one year terms. Otherwise, under 24 V.S.A. § 713, each town is to have three listers with three year terms, the terms being staggered by electing one lister each year for three successive years. The findings, supported by the exhibits, reveal that at least since 1965 Rockingham elected each year one lister to a three year term and two others to one year terms.

It is the contention of the plaintiffs that the provisions of 24 V.S.A. § 714, until its amendment effective March 27, 1968, required renewed authorization from the voters each year, as a preliminary matter, if five listers were to constitute the board. The findings show that Rockingham has had a five man board of listers since 1903, but that the last specific authorization by vote of a five man board was in 1917. This means, say the plaintiffs, that the board was without proper sanction, and the grand list compiled by that board is invalid. The chancellor agreed.

The amendment of 1968 added listers to the statute in that portion providing that a single vote of authorization for a five man board of selectmen continued in force until rescinded by majority vote. 24 V.S.A. § 714 (as amended). The defendant advances this amendment as authorization for the board compiling the 1969 list. But, as the plaintiffs point out, the only available previous authorization is the one in 1917, long antedating the amendment. Nothing in the legislative language demonstrates any intent that the amendment was meant to ratify or validate any previously insufficient action, or to have a curative effect on any matters antecedent to the amendment. Such legislation is within the power of the General Assembly, in proper cases, but is not something to be left entirely to inference or implication. Since the plain language of the statute does not express, or require, the retroactive effect argued for by the defendant, we are not disposed, in this case, as a matter of statutory interpretation, to so enlarge its meaning. *Donoghue* v. *Smith*, 119 Vt. 259, 267, 126 A.2d 93 (1956).

The matter is in equity, and, in view of the relief sought, it is appropriate that it should be. *Smith & Son, Inc.* v. *Town of Hartford*, 109 Vt. 326, 196 A. 281 (1938), an earlier case involving a deficiency in the election of listers, gives clear support. The motion to dismiss was properly denied.

The law requires that the legality of every step in the taxing process must be established, including the legality of the selection of the officers whose acts are questioned. *State* v. *Levy*, 113 Vt. 374, 378, 34 A.2d 370 (1943). It is indispensable to the validity of any tax that it be laid upon a grand list made up in substantial compliance with the law, by officers selected according to law. The acts of a *de facto* officer are not legal acts in a case between the taxpayer and the taxing authority. *Smith & Son, Inc.* v. *Town of Hartford, supra,* 109 Vt. at 333.

A grand list, to be constituted legal, must be signed by a majority of the board of listers. *Ferrisburg* v. *Birkett*, 60 Vt. 330, 332, 14 A. 88 (1888). As Chief Justice Redfield points out in *Reed* v. *Chandler*, 32 Vt. 285, 286 (1859), this Court is bound to find some allowable mode of legalizing the collection of taxes justly due. The short-comings in the *Reed* case,

the *Ferrisburg* case and *Smith* case were the same; failure of a majority of the listers to sign and verify the grand list, either by failure to act, or because of lack of capacity.

The problem here is different. In this case we have a board of listers consisting of three elected in accordance with statutory authority, and two additional that were not. The findings reveal that all five so-called listers validated the 1969 grand list in accordance with the requirements of the law. Whether we take the view that the board consisted only of the three properly elected members, with the other two having no standing, or whether we take the view that the board consisted of five members, two of whom were defectively elected, it is clear that a majority of the board, duly elected, properly authenticated the grand list. Therefore, it is valid; 1 V.S.A. § 172; *State* v. *Baldwin*, 116 Vt. 112, 114, 70 A.2d 242 (1950); *Kaeser* v. *Town of Starksboro*, 116 Vt. 251, 253, 73 A.2d 881 (1950); and taxes assessed upon it are collectible. Equity requires this result and the law does not forbid it.

*Judgment reversed and bill dismissed.*