C. W. Woodhouse, L. B. Platt, Ira Shattuck, E. W. Peck, Harriet C. Peck, and John H. Cheever *v.* The City of Burlington.

*Municipal Corporations. Certiorari. City of Burlington. Street Commissioners. Assessments for Sewers.*

The legislature has constitutional power to confer upon municipal corporations the right to make assessments upon the property benefitted, for the purpose of defraying the expense of making local improvements.

On petition for *certiorari*, an objection that the commissioners appointed by the county court on appeal from an assessment by the street commissioners of the city of Burlington erroneously decided as matter of law that the assessment appealed from was legal and valid,—is not available, as their decision is not final.

Said street commissioners have no power to lay an assessment for the construction of sewers, without notice to the owners of adjoining lands, as required by § 2, No. 88, of the Acts of 1868; and an assessment so laid, is void, and said commissioners may proceed as if it were never laid, and lay another for the same purpose in lieu thereof.

The statute does not require said street commissioners to give notice of the establishment of sewers.

Petition for Certiorari. The defendant's street commissioners, without notice to the owners of abutting property, constructed a public sewer through the upper portion of College street in said city, pursuant to a resolution of the city council for that purpose, whereby said commissioners were authorized, by and with the advice and consent of the mayor, " to assess so much of one-half

the cost of the construction thereof upon the abutting property, as they shall judge the same to be benefited thereby." On December 18, 1871, said commissioners, without notice to such owners, assessed the petitioners and others, owners of abutting property, in certain proportions, an aggregate sum equal to one-half the cost of construction of said sewer ; which said assessment was duly adopted by the board of aldermen, and delivered to the city treasurer for collection, and was never withdrawn from him. Said treasurer immediately notified the persons assessed therein, of their respective assessments, and required payment thereof; and some of them paid their assessments between the 19th of February, 1872, and the 5th of June, 1872 ; but the petitioners refused to pay, and before any further effort was made to collect the unpaid assessment, it was discovered that none of the persons thus assessed were ever notified of the time and place of hearing as to whether they should be assessed ; and said assessment was ever after the 4th of said June, treated by said commissioners as void for want of such notice, and because they had not in their report of assessment, described the property on account of which each individual was assessed.

On the 31st of August, 1872, said commissioners, on due notice, pursuant to the resolution aforesaid, again assessed the petitioners and others, the same aggregate amount, in the same proportions, and for the same purpose as before ; from which assessment the petitioners appealed. Said assessment was designed to take the place of the former assessment, and was delivered to said treasurer for collection, who notified the several persons assessed, of their assessment, and requested payment thereof.

The commissioners appointed by the county court, decided as matter of law, that said second assessment was legal and valid ; and found as matter of fact, that the several persons therein assessed, were benefited by said sewer to the amount of their assessment ; and they assessed the petitioners in the same amounts they were assessed by the street commissioners ; and the court accepted their report, and rendered judgment thereon for the city.

The petition alleged the following objections to said judgment and proceedings. 1. That the city had no authority to assess,

in addition to the regular tax, owners of property adjoining that part of the street through which the sewer was constructed. 2. That the finding of the commissioners "as matter of law," that said second assessment was legal and valid, was erroneous. 3. That the street commissioners having once made an assessment, upon which the proceedings were had above stated, they had no further power to act in the matter, and that, consequently, said second assessment was void. 4. That no notice was given to the petitioners that a sewer was to be laid and their lands assessed. 5. That said assessments were not imposed equally on those standing in like relation, and depended upon the caprice and whim of the commissioners.

*H. H. Talcott*, for the petitioners.

*R. H. Start*, for the defendant.

The first question raised by the petitioners is not an open one in this country. 2 Dillon Munic. Corp. §§ 596, 603, and cases cited ; Cooley Const. Lim. 498 *et seq ; Allen* v. *Drew*, 44 Vt. 174. The decision of the county court commissioners, that the second assessment made by the street commissioners was legal and valid, was correct in law, and properly affirmed by the county court. From the facts stated in the petition and accompanying papers, it appears that the first assessment of the street commissioners was void for want of notice to the parties interested, and was not otherwise in conformity with the statute. Void assessments do not preclude a subsequent valid one. *Himmelman* v. *Capron*, 36 Cal. 411 ; *Brevort* v. *Detroit*, 24 Mich. 322 ; *Lyman* v. *Burlington*, 22 Vt. 135. The first assessment being void, it was of no force or effect, and it was wholly immaterial whether it was suffered to remain in the treasurer's office or not. The petitioners' 4th objection is not well taken. By § 38 of No. 88, of the Laws of 1868, the street commissioners were authorized, subject to the ordinances and by-laws of the city council, to establish, construct, and maintain sewers for the city. Under this statute, the city council are to decide as a legislative body, whether the public good and necessity require the construction of a public sewer,

without any reference to the wishes or wants of the owners of lands adjoining the street through which it is to be laid. The statute makes no provision for notice to them, and none is required. The general statute relating to the making of highways, has no application to the making of sewers, except as to the manner of giving notice to parties interested that they are to be assessed.

The petitioners claim that the assessments made upon them are illegal, because not imposed equally upon all standing in the like relation ; that the amount of such assessments is left to depend upon the whim and caprice of the commissioners. This objection questions the constitutionality of the law under which the assessments were made ; for it is not asserted that the assessments were not made in accordance with the act, that is, in proportion to the benefits received, which is the rule of apportionment prescribed. It is well settled that such rule of apportionment conflicts with no constitutional requirements. *Allen* v. *Drew, supra ;* Cooley Const. Lim. pp. 477, 498, 499 ; 2 Dillon Munic. Corp. §§ 596–601.

The opinion of the court was delivered by

ROYCE, J. The constitutional power to confer upon municipal corporations the right to make assessments upon the property benefited, for the purpose of defraying the expense of making local improvements, has been generally recognized in the states of the Union, and expressly affirmed in this state in *Allen* v. *Drew*, 44 Vt. 174. See 2 Dillon Munic. Corp. § 596, and notes. Experience has shown that by a judicious exercise of this power where it has been conferred, a nearer approach to equality of taxation has been arrived at, than where the entire burden has been permitted to rest upon the property of the municipality, without regard to special benefits conferred. There is nothing in this case that shows that any injustice was done to the petitioners in ascertaining and fixing the amount for which they were assessed ; and hence the petitioners' right to the writ must depend upon proof of illegality in making the assessments. The first objection made by the petitioners, as affecting the legality of the assessments, has already been considered. The second, that the commissioners erred in finding as matter of law, that the assessments appealed

from were legal and valid, is not available, because it was wholly immaterial what the judgment of the commissioners might be, as long as their judgment was not conclusive. The judgment of the court to whom they were required to report, might be made the subject of complaint, if error was committed by them. It is further claimed, that the commissioners having made the assessments of Dec. 18, 1871, their power over the subject was thereby exhausted, and that that fact, in connection with the proceedings that were had in relation to that assessment, should be treated as an estoppel against their making the subsequent one. Whether the making of the first assessment would so operate or not, must depend upon its legality and validity. Section 38 of the act approved Nov. 19, 1868, authorized the street commissioners to construct and maintain sewers for the city, and provided that they might assess the owners of land adjoining the streets through which such sewers might be established, a portion of the expense of constructing the same.

But in making such assessments, the same proceedings were required to be had, as were in the same act provided in respect to assessments made by the commissioners upon adjoining land owners in case of laying out or making highways. The power to assess adjoining land owners a portion of the expense of making, opening, or altering highways, was conferred by § 2 of the same act; and it provides that such assessments may be made upon giving twelve days' notice of the time and place of hearing, to the parties, in the manner provided by § 93, of ch. 24, of the Gen. Sts. By the record sent here, it appears that no such notice was given. In all cases where the authority to perform any act which will affect the interests of parties, is conferred by statute, and the manner of its performance, and of obtaining jurisdiction over the parties to be affected, are prescribed by statute, the mode of proceeding directed is mandatory, and must be strictly complied with, or the proceeding will be utterly void. Potter's Dwarris, 224, and notes. Applying this rule to this assessment, we are brought to the conclusion that it was void, and the commissioners might well proceed as if it had never been made.

The only remaining objection which we deem it important to

notice, is the alleged want of notice to the petitioners, of the intention of the commissioners to establish the sewer. The establishment and construction of a sewer in a public street, is not, ordinarily, such a taking of private property for a public use, as requires that compensation should be made. It is to be treated rather as such an improvement or repair of the street as the commissioners are entitled to make. A case might arise where the construction of a sewer would be considered as an additional burden upon the land ; and in such a case, the party owning the land would, no doubt, be entitled to compensation. But no such is made here. And neither the letter or spirit of the statutes under which the commissioners acted, required that any such notice should be given.

The writ of *certiorari* is denied, and the petition dismissed with costs.