## J. W. BARNES v. J. M. DYER.

*Municipal Corporation. Vergennes City Charter. Local Assessment for Sidewalks. Act Unconstitutional. Taxation.*

A statute empowering the authorities of a city to construct sidewalks, and make local assessments on the property fronting the same, "for so much of the expense thereof as they *shall deem just and equitable,*" is unconstitutional; in that, there is no fixed, certain, and legal standard for assessment. Such assessments should be made in view of the benefit to the abutting land; but under this statute they may be made in view of the defendant's ability to pay.

ASSUMPSIT brought by the collector of city taxes to recover an assessment imposed upon the defendant, by the court of common council of the city of Vergennes, for building a sidewalk in front of his buildings. Trial by jury, June Term, 1883, POWERS, J., presiding. Verdict ordered for the plaintiff. The case appears in the opinion.

*Stewart & Wilds*, for the defendant.

The act is unconstitutional. The only foundation for such assessments for local improvements is in the special benefit to the property assessed. *New Brunswick Rubber Co.* v. *The Commissioners, etc.*, 9 Vr. (N. J.) 190. The act should have required the assessment to be laid proportionate to the special benefits conferred, or according to the frontage, or superficial contents. In short it should have prescribed the standard of assessment. The authority to prescribe this standard could not be delegated. *Allen* v. *Drew*, 44 Vt. 174; 2 Dill. Mun. Cor. s. 761; *Hammett* v. *Philadelphia*, 65 Penn. St. 146; 69 Penn. St. 146: 4 N. Y. 419; *Wistar* v. *Philadelphia*, 80 Penn. 505.

*J. H. Lucia*, for the plaintiff.

In some respects the act is similar in principle to laws relating to the laying out of highways by selectmen. Have they ever been called in question ? The act carefully provides for the protection of the rights of all persons; as notice before assessment and relief to persons aggrieved by application to the County Court. *Soux City* v. *Independent Dist.* 23 Alb. L. Jour. 298 ; 22 Alb. L Jour. 316, 349, n.; *Allen* v. *Drew*, 44 Vt. 174. The legislature has the undoubted power to authorize local assessments for local improvements. *Cain* v. *Commissioners of Davis Co.*, 86 N. C. (26 Alb. L. Jour. 151) ; 27 Alb. L. Jour. 498.

The opinion of the court was delivered by

VEAZEY, J. By an act of the legislature passed in 1878, the court of common council of the city of Vergennes, are "authorized and empowered to construct and repair sidewalks in the principal streets of said city, and to direct in what manner and of what material such sidewalks shall be constructed or repaired, and may assess the owners of property through which or fronting which said sidewalks are constructed, so much of the expense thereof as they shall deem just and equitable," and further providing for notice, hearing, and appeal, etc.

One defence to this suit to recover an assessment imposed on the defendant for building a sidewalk in front of his block of stores, is the alleged unconstitutionality of the said act.

It is not here questioned but that the rule is now settled, that a municipal corporation may be authorized to make a local and special tax or assessment for the building of sidewalks and certain other improvements, within proper village or city limits, and apportion the expense according to the *benefit* of the abutting premises. *Allen* v. *Drew*, 44 Vt. 174; 2 Dill. Mun. Cor. s. 761 ; Cooley Con. Lim.

The defendant claims that by the act in question, thus leaving to a board of officers to say what in their discretion "is just and equitable," no sufficiently definite legal standard of assessment

is fixed, as required by those provisions of the constitution which were intended as a guard against unequal taxation.

Judge Dillon, in stating the general results of an extended reference to the judgments of the courts of the several States concerning local improvements and assessments, in respect thereof says:

" 3. Special benefits to the property assessed, that is, benefits received by it in addition to those received by the community at large, is the true and only solid foundation upon which local assessments can rest."

The cases differ somewhat as to how the benefit may be determined, whether by the frontage or superficial area; but no such question arises here. The only question here is, whether the phrase, "*as they shall deem just and equitable*," is sufficiently certain as a standard of assessment. If it could be properly construed as meaning only what was just and equitable in view of the benefit to the premises fronting on the improved sidewalk, it would possibly be sufficient. The exceptions do not state upon what view or theory the assessment in question was made. If said clause is fairly liable to a different construction from the one above stated, then it furnishes no certain legal standard of assessment. Did the court of common council determine the amount of this assessment in view of the benefit to the abutting land; *or* of its value; *or* of the personal convenience to the defendant; *or* of the ability of the defendant to pay; *or* of all these combined? Who can say? Why might they not under this clause assess one man in one view, and another in another view? " Just and equitable" in respect to what? The words import no special limitation.

In *State* v. *Newark*, 8 Vr. (N. J.) 415, (S. C., 18 Am. Rep. 729), the Chief Justice of New Jersey says: " The only safe rule is, that the statute authorizing the assessments shall itself fix either in terms or by fair implication the legal standard to which such assessment must be made to conform. In no other way can property be adequately protected."

The act in question makes no express allusion to assessment

on account of benefit; neither does it limit the assessment to the amount of benefit. Yet, as we have seen, the right to assess at all depends solely on benefit, and must be proportioned to and limited by it. An improvement might cost double the benefit to the land specially benefited.

In *New Brunswick Rubber Co.* v. *The Commissioners of Streets and Sewers*, 9 Vr. (N. J.) 190, (S. C., 20 Am. Rep. 380), it was decided that, where a statute authorized commissioners to assess the cost of a sewer upon lands benefited thereby in such proportion as they should deem just and equitable, no valid assessment could be made under the statute, as it failed to determine the mode of distributing the burden. KNAPP, J., in delivering the opinion of the court, says: " In *State* v. *Mayor, etc., of Paterson*, 8 Vr. (N. J.) 412, an assessment, certified to have been equitably made, was set aside as governed by no rule. It is not perceived how a legislative enactment, which provides no rule or standard for making an assessment for a public work, can have higher claim for validity."

That case may be regarded as extreme. A much stricter rule was adopted than is contended for here.

In our statutes providing for general taxes, a fixed standard of apportionment has always been adopted, securing uniformity, as far as practicable, in theory at least, in respect to persons and property within the jurisdiction of the body imposing the taxes.

There is greater reason for adhering to this rule in respect to provisions for special assessments. When the money of the few is taken for the benefit of the whole, it is in substance the exercise of despotic power. It is justice when an equivalent is given. In the case of a local improvement, there is an equivalent for the assessment when it only equals the special benefit to the property benefited. But it is the right of the citizen to have the law, which reaches into his pocket specially, so guarded as to secure him approximate justice according to legal and constitutional principles. The language of Judge AGNEW in the Washington Avenue case, 69 Penn. St. 352, is pertinent: " In questions of power exercised by agents, it is sometimes the misfortune of

communities to be carried, step by step, into the exercise of illegitimate powers, without perceiving the progression, until the usurpation becomes so firmly fixed by precedents it seems to be impossible to recede or to break through them."

Our constitution provides that "every member of society hath a right to be protected in the enjoyment of life, liberty and property, and therefore is bound to contribute his proportion towards the expense of that protection."

This is less restrictive than the constitutions of many States ; but the cases which have established the rule that the statute authorizing an assessment must fix the legal standard to which it shall be made to conform, have not turned on the phraseology of constitutional provisions. It is everywhere treated as a general constitutional principle that no member of society shall be compelled to contribute more than his proportion. Unless this is so there is no protection against arbitrary injustice in the imposition of taxes. To secure this protection courts have held that legislative enactments must set up a standard, fix a rule, to be conformed to as a guide in all cases, an uniform, certain rule, so far as reasonably practicable, and not susceptible to different applications to different individuals of the class to which it applies. If the enactment fails in this regard, it is deemed fatally defective. The proposition is sound, because it is an adherence to the fundamental principles which in a constitutional government are designed to protect the individual against injustice and oppression.

We think the act in question failed to set up a standard by which all assessments for sidewalks in Vergennes must be made ; that the words, "*just and equitable*," do not import, with reasonable certainty, a limitation to particular benefits to property benefited. We do not know but that one member of the common council construed the words as applying to one consideration, and another member to a different consideration ; nor that any of them limited the consideration to benefits. In short the enactment was inadequate to the purpose designed by it.

This view renders it unnecessary to pass upon the other points of defence.

Judgment reversed and cause remanded.