W. E. LAZELLE, ET AL. *v.* CITY OF BARRE.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 16, 1909.

*Constitutional Law—Due Process—Municipal Improvements—Assessments.*

No. 256, Acts 1906, amending the charter of the city of Barre and providing that when the city council decides that certain specified existing improvements of any street were, when made, for the public good and convenience and necessity of individuals, it may order the street commissioners, on notice, to make assessments for the special benefits thereby conferred on the lands and buildings abutting on such street, is not objectionable because leaving the jurisdictional facts to the final determination of the council, for thereby no property is taken nor assessment made or necessitated.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the March Term, 1908, Washington County, *Hall,* Chancellor. Decree, *pro forma,* overruling the demurrer and adjudging the bill sufficient. The defendant appealed. The opinion fully states the case. See the last preceding case.

*Richard A. Hoar*, and *Martin & Sargent* for the orators.

*J. Ward Carver,* and *John W. Gordon* for the defendant.

ROWELL, C. J. This is a bill in chancery to enjoin the enforcement of certain assessments on abutting property made in 1907 for street inprovement made in 1903. The bill is demurred to. The improvements were unauthorized when made and paid for by the city, because the city council delegated the street commissioners to find the necessary jurisdictional facts instead of finding them itself, as the charter required. *Blanchard* v. *City of Barre,* 77 Vt. 420, 60 Atl. 970.

But the bill alleges that the charter was amended by No. 256, Acts of 1906, which provided that if at any time within six years prior to the passage of the act, any street, lane, or alley in the city, or any portion of any such street, lane, or alley, had been drained, graded, paved or macadamized, curbed, and guttered, or any such improvements had been made, and the city council should, by resolution duly passed, decide that such improvements when made were for the public good and convenience and necessity of individuals, it might order and direct the street commissioners to assess not to exceed one-half of the total cost and expense of such improvements upon all the lands and buildings abutting upon or adjacent to the street, lane or alley, or part thereof, that had been improved as therein specified within six years prior to the passage of the act, and in the same manner according to special benefits per front footage as is therein provided for assessments on petition in writing to the council, signed by the owner or owners of two-thirds of the frontage of any street, lane, or alley in the city, or on a resolution duly passed by the council, to make any improvements of like nature, as therein specified. The bill further alleges that on February 8, 1907, the council, without notice to the orators, or giving them an opportunity to be heard, acting under said amendment, which gave no right of appeal, resolved and decided

that said improvements were for the public good and the convenience and necessity of individuals, and that the public good and the convenience and necessity of individuals required the same to be made as they were made; and that thereupon and thereby the council ordered and directed the street commissioners, on due notice of the time and place of hearing as provided by said amendment, to assess not to exceed one-half of the total cost and expense of said improvements upon all lands and buildings abutting upon and adjacent to that portion of the street that had been improved as stated in the resolution within six years prior to the passage of said amendment, according to the special benefit per front footage that had accrued from said improvements to the lands and buildings abutting upon and adjacent to said portion of said street; and that the street commissioners were also thereby directed to make up a statement of all assessments of said improvements, particularly describing the lands and the buildings assessed upon due notice and hearing of the abutters, and cause the same to be recorded in the city clerk's office.

The bill then goes on to allege that the street commissioners, acting under the instructions contained in said resolution of the council, on notice to the orators, held a meeting on April 8, 1907, for hearing all parties who had been notified, on the question of what portion of the expense of draining, grading, paving, curbing, and guttering the part of Main street in question, should be assessed on abutting land and buildings according to special benefits and frontage; and that subsequently, said commissioners found and adjudged that each foot of frontage of the lands and buildings of the orators was specially benefited to the extent of $2.99694, and thereupon assessed said land and buildings at that sum for each front foot, and this is the assessment complained of. But the specific grounds of complaint alleged need not be stated. It is sufficient to summarize them as they are in the orators' brief, namely, that the assessment was made according to frontage without reference to the special benefits to the different properties and the amount each owner was specially benefited, and without regard to the great difference in value of the property assessed as belonging to the respective orators, and in disregard of the fact that some of the abutting property is much more improved than the orators' by way of buildings erected thereon, and some of the lots con-

tain two or three times the square feet contained in the lands of the respective orators; and that the lands and buildings of the orators were assessed on the basis of a mathematical calculation at a uniform sum per front foot.

It is objected that said amendment is unconstitutional and void, for that it impairs the obligation of contracts and takes away vested rights; attempts to take property without due process of law; leaves to the final determination of the city council the question of jurisdictional facts, although it makes that a judicial question.

But none of these objections are tenable. In *Durkee* v. *City of Barre*, 71 Atl. 819, just decided, in which the validity of this amendment was called in question in these very respects, it is held that no principle of contract was involved between the city and the owners of lands assessed for improving another part of this same street, and that legislative power was legitimately exercised in authorizing special assessments for benefits inuring to abutting property from local improvements already made. As to due process of law, it is held in that case that that constitutional provision has no application, for no land was taken nor sought to be taken, but that the proceedings were wholly in the exercise of the right of taxation, and that the steps taken up to and including the finding by the city council respecting the public charter and the convenience and necessity of the improvements of 1903, involved no assessment of property nor any question of special benefits to abutting landowners, and that therefore notice to such landowners was not required by due process of law. As to leaving the jurisdictional facts to the final determination of the city council, that may well be done, for here also, no property is taken nor assessment made nor necessitated.

For answer to the objections to the validity of the assessment in question, we refer to the *Durkee* case, where the subject is fully considered, and the assessment there, which was essentially like the assessment here, held valid. And for answer to the claim of fraud on the part of the street commissioners, reference is also made to that case, in which the allegations of fraud were essentially the same as here, and were held insufficient to show fraud.

*Pro forma decree reversed, demurrer sustained, bill adjudged insufficient, and cause remanded with mandate to dis-*

*miss the bill with costs in this Court, and with or without costs below as may be there determined.*