GILMORE CORLISS *v.* VILLAGE OF RICHFORD.

February Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Constitutional Law—Due Process of Law—Public Improvements—*
*Special Assessments—"Special Benefits"—Legal Standard*
*of Assessment—Necessity in Statute.*

Due process of law does not require that one liable to assessment for special benefits conferred by a public improvement should have an opportunity to be heard on the question whether the public good requires the improvement since no property is taken by the improvement, but only a foundation laid for the exercise of a particular right of taxation.

The only legal basis for special assessments on an abutting landowner for public improvements is the special benefits thereby conferred on him, which are the benefits that he receives from the improvements in excess of the benefits resulting to the general public.

A law providing for public improvements and authorizing special assessments therefor on abutting landowners must fix the legal standard of the assessment, and so § 1, No. 89, Acts 1890, amending the charter of the Village of Richford, authorizing the trustees to construct a common sewer, and providing for an assessment on each abutting landowner for his "just share of the expense" is invalid, as the words "just share" do not with reasonable certainty limit the assessment to the special benefits conferred by the improvement.

PETITION for the appointment of commissioners to re-assess the petitioner's share of the expense of laying a common sewer in the defendant village. Heard on the report of the commissioners, and petitioner's exceptions thereto, at the September Term, 1910, Franklin County, *Miles*, J., presiding. Exceptions overruled, and judgment against the petitioner for $349.36. The petitioner excepted. The statute in question is No. 89, Acts 1890, in amendment of defendant's charter which is No. 202, Acts 1878. The opinion states the case.

*W. B. Locklin* for the petitioner.

*A. B. Rowley* for the defendant.

Powers, J.   This is a proceeding for a re-assessment for benefits conferred by the construction of a sewer on Province Street in the defendant village.   The only question raised or considered is the constitutionality of the act under which the assessment was made.   The petitioner attacks the act on two grounds specified as follows:

1.   That the act does not give the petitioner an opportunity to be heard on the question of the public necessity for the construction of the sewer.

2.   That the act does not provide a certain, fixed and definite standard for assessing the land owners for the expense of construction.

1.   In support of his first proposition, the petitioner relies upon *Stearns* v. *Barre,* 73 Vt. 281, 50 Atl. 1086, 58 L. R. A. 240, 87 Am. St. Rep. 721.   But that was a case involving the law of eminent domain, while this is one involving the law of taxation.   The distinction between such cases was recently pointed out in *Durkee* v. *Barre,* 81 Vt. 530, 71 Atl. 819, wherein it was held, upon a review of the authorities and in harmony with the views expressed in *Woodhouse* v. *Burlington,* 47 Vt. 300, that due process of law does not require that one liable to assessment for benefits should have an opportunity to be heard on the question whether the public good requires the improvement involved, since no property is thereby taken, but only a foundation laid for the exercise of a particular right of taxation.   That case was followed and approved in *Lazelle* v. *Barre,* 81 Vt. 545, 71 Atl. 824, wherein the improvements were wholly unauthorized when made, but a subsequent amendment to the defendant's charter provided for assessments upon an *ex post facto* determination of the public character and necessity thereof.

2.   The petitioner's second objection must be sustained, for the law of the subject is with him.   All agree that the only legal basis for assessments of this kind is the special benefits conferred by the improvements involved; and that special benefits are such as a landowner received therefrom in excess of the benefits enjoyed by the general public.   That the act authorizing the assessment must itself, either in express terms,

or by fair implication, fix the legal standard to which the assess-- ment must be made to conform was established by *Barnes* v. *Dyer*, 56 Vt. 469.  It was therein held that an act providing for an assessment for such part of the expense incurred as the author-- ities should deem "just and equitable" was insufficient and un- constitutional.  The act under consideration provides for an assessment for the landowner's "just share" of the expense. These words, like those in *Barnes* v. *Dyer*, fail to establish a legal standard by which to determine the validity of an assess- ment.    And this is so because they do not import, with reason- able certainty, a limitation to the special benefits conferred. The act falls short of constitutional requirements in this regard, and affords no basis for an assessment.

*Pro forma judgment reversed, assessment vacated, and judg- ment for the petitioner to recover his costs.*