### In re Appeal of Joan Hughes and Betty Wright

[318 A.2d 676]

No. 185-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Stephen S. Blodgett, Esq.,* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Joan Hughes and Betty Wright.

*Lisman & Lisman,* Burlington, for Town of Hinesburg.

**Smith, J.** This is an appeal from a decision of the State Board of Tax Appeals by the Town of Hinesburg. Joan Hughes and Betty Wright, as tenants in common, own two adjoining camps with attached lean-tos and enclosed porches located on Lake Iroquois in the Town of Hinesburg. The taxpayers, Hughes and Wright, took an appeal to the Commissioner of Taxes seeking review of the decision of the Board of Civil Authority of the Town of Hinesburg upholding and affirming the appraisal valuations of the property owned by the taxpayers in the amount of $7,868.00 for one camp, and $7,335.00 for the other for 1972 tax purposes. Such appraisals were premised on a Valuation Guide, prepared in 1971, and employed by the listers consistently throughout the town to determine fair market value.

The Commissioner of Taxes referred the matter to the State Board of Tax Appeals, appointed by the Commissioner of Taxes, pursuant to 32 V.S.A. § 4465 (Supp. 1973). The State Board of Tax Appeals reduced the 1972 valuations of the two camps to the total amount of $11,981.00.

The appellant town alleges error in the decision of the State Board of Tax Appeals in two areas. It alleges, first, the record shows that the State Board did not consider the listed value of comparable properties to the value of the properties which are the subject of this appeal in arriving at its decision. The second error alleged is that the Board should have specifically set forth, in its findings, that the property subject to the appeal did correspond with the listed value of such comparable properties.

The finding of fact made by the Board in determining the appraisal value of camp No. 1 reads:

> Using a reproduction cost of $5./sq. ft. for the 1st section, a $3./sq. ft. cost for the 1st so-called lean-to section, adding the porches at $2.50/sq. ft. and including $70. for

heat, we find a fair and equitable appraisal of this camp to be $4,020.

In its finding of fact, relative to its appraisal on the other camp, the Board stated:

Using a reproduction cost of $4./sq. ft. for the 1st section, $3./sq. ft. for the so-called lean-to sections and $3./sq. ft. for the enclosed porch, plus open porches at $1.25/sq. ft. and adding for heat and deducting for lack of a bathroom fixture, this Board finds an equitable appraisal to be $2,361 for this camp.

The appeal to the Commissioner of Taxes, and hence to the Board, presented the matter for a *de novo* hearing. 32 V.S.A. § 4467. It was the duty of the Board to determine the fair market valuations of the property which was the subject of the appeal. 32 V.S.A. § 4467 reads, in part:

If the board or court finds that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value.

Despite some early confusion, the two properties were assessed for tax purposes by the listers of the Town of Hinesburg, camp No. 1 as a "C" camp, and camp No. 2 as a "D" camp. This same method of classification was followed by the Board of Civil Authority as well as by the State Board of Tax Appeals in its findings.

Such classifications were apparently made under a so-called Valuation Guide, prepared in 1971, and used by the listers of the town to determine fair market value.

■ While the appellees here claim that the matter of comparable properties was not presented to the State Board of Tax Appeals, a search of the record discloses that the present appellees, in their appeal to the Commissioner of Taxes, stated that the properties "are not assessed at the same percentage of fair market value as other properties in the Town."

Appraisals of real estate are required by statute to be made on its fair market value. 32 V.S.A. §§ 4381, 4041. The fair market value of property is the price

which the property will bring in the market when offered for sale and purchased by another, taking into consideration all the elements of the availability of the property, its use both potential and prospective, any functional deficiencies, and all other elements such as age and condition which combine to give property a market value. There is no one or controlling factor. See *In re Heath,* 128 Vt. 519, 524, 266 A.2d 812 (1970).

*Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 136–37 (1973).

In the *Bookstaver* case, *supra,* 131 Vt. at 141, Justice Keyser had this to say:

The defendant maintains that the appraisal of comparable properties in the same general area is only a piece of the evidence to be used by the court in its determination of the fair market value, citing *Petition of Mendon,* 127 Vt. 502, 253 A.2d 139 (1969). However, since that decision was handed down, 32 V.S.A. § 4467 was enacted and mandates the use of comparable property values in the determination of an appeal from the board of civil authority's appraisal when one of the prime issues is that the listed property of comparable properties did not correspond to the listed value of plaintiff's land.

It is obvious in the present case that the State Board was only two elements of valuation in its appraisal of the properties concerned. One was the figure of $20.00 per lake front foot to fix the value of the land. The other was reproduction costs of each of the respective camp properties. The use of reproduction costs was perfectly proper as one element in attempting to fix the fair market values of the properties. But it was only one element to be considered.

The standards which the Board must follow in establishing fair market value are clearly set forth in *Barnet* v. *Central Vermont Public Service Corporation,* 131 Vt. 578, 580–81, 313 A.2d 392 (1973):

Does the record demonstrate, as a matter of law, that the board of tax appraisers made an assessment of the defendant's property based on fair market value. This is

the standard required by 32 V.S.A. § 3481. Approaches, such as reproduction cost, earning power, construction cost less depreciation, or the like, are only devices to assist in arriving at fair market value. This Court has repeatedly warned that the use of any single method, or even combination of methods that leads the appraisers astray of their statutory responsibility will not be accepted. [Citations omitted.]

Later, in the opinion, the Court, speaking through Justice Barney, stated:

Nevertheless, not only must a justifiable valuation be arrived at in accordance with the requirements of 32 V.S.A. § 4467, but, also, there must be a correspondence with the listed value of comparable properties within the town.

32 V.S.A. § 4467, entitled "Determination of Appeal" states, in part:

If the board or court find that the listed value of the property subject to appeal does not correspond to the listed value of comparable properties within the town, the board or court shall set said property in the list at a corresponding value.

We held in *Petition of Reed,* 129 Vt. 102, 106, 272 A.2d 127 (1970), that if one of the prime issues raised by the petitioner before the board is a determination of whether the evidence introduced by the petitioner established that the listed value of the comparable properties did, or did not, correspond to the listed value of the petitioner's land, the determination on this matter, and the supporting facts must appear in the findings. While we have no record before us to determine what evidence was offered by the present appellees (appellants below) before the board in support of their claim that the properties owned by them did not have a listed value comparable to properties within the town, the issue was presented to the Board. If such evidence did not establish the fact claimed by the appellants below, the Board had a duty to so find.

What we are confronted with here are a set of findings from the State Board of Tax Appeals which establish the fair market value, or the appraisal value, of the taxable prop-

erty involved, only upon a cost basis. There is an entire absence of findings relative to whether or not such properties had a listed value comparable to other properties of the same nature. By the use of a single method of assessment the Board did not carry out their statutory responsibility. In our opinion, this error requires a new hearing, with the opportunity for all parties to present evidence, and with the opportunity thus given to the Board to make new and complete findings in compliance with the dictates of the statutes.

*Reversed and remanded.*