## Re Montpelier & Barre Railroad Corporation

[369 A.2d 1379]

No. 204-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*M. Jerome Diamond,* Attorney General, *James E. Hirsch,* Assistant Attorney General, and *Charles E. Goldkamp,* Deputy Commissioner of Taxes (On the Brief), Montpelier, for Plaintiff.

*David L. Cleary* and *Gary D. McQuesten* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant.

**Barney, C.J.** This is a tax appeal. It was taken to the superior court from an assessment by the State under 32 V.S.A. § 8281.

That court found the value of the railroad's equipment, for tax purposes, to be $90,952.00; the 21.94 miles of track and ties were assessed at $243,719.00; the real estate in Barre, Montpelier, and Berlin were found to be worth $428,655.00. In its order the court rounded off this total to $763,000.00 The various amounts arrived at were based on the testimony of an expert appraiser.

32 V.S.A. § 8281 reads as follows:

> The commissioner shall appraise at its fair and just value all property acquired, constructed or used for railroad business or purposes held, possessed or owned by a person or corporation operating a railroad located entirely within this state.

The appeal from the commissioner's determination is to a superior judge designated as provided in 32 V.S.A. § 8361. The judge's duty, on such an appeal, is to determine, after hearing, the "fair and just value" of all property appraised by the commissioner. This appraisal by the superior judge then stands in lieu of the commissioner's appraisal. The statute goes on to authorize an appeal to this Court, which was taken in this case.

The taxpayer's attack centers first on the appraisal statute itself. It argues that the statutory standard of "fair and just value" used in both 32 V.S.A. §§ 8281 and 8361 is constitutionally infirm because no specific standards are set out.

In support of this position the taxpayer points out that chapter I, article 9 of the Vermont Constitution expresses the burden by saying that every member of society "is bound to contribute his proportion toward the expense" required to provide him with the protections guaranteed him by that Constitution. The case of *Barnes* v. *Dyer*, 56 Vt. 469, 473 (1884) is then cited as invalidating "just and equitable" as a standard for taxation under the Constitution of Vermont because it was too vague and indefinite. A similar result was reached in *Corliss* v. *Village of Richford*, 85 Vt. 85, 87, 81 A. 234 (1911).

■ ■ In testing statutes for their compliance with constitutional standards, every presumption is to be made in favor of constitutionality. *In re Proceedings Concerning A Neglected Child*, 129 Vt. 234, 240, 276 A.2d 14 (1971); *Village of Hardwick* v. *Town of Wolcott*, 98 Vt. 343, 348, 129 A. 159 (1925).

A heavy burden of proof rests on one who challenges a statute on the basis of unconstitutionality. Legislative enactments,

presumed constitutional, will be given reasonable construction, consistent with constitutional standards, unless the language of the statute itself plainly forecloses it. *In re Delinquency Proceedings*, 129 Vt. 185, 188-89, 274 A.2d 506 (1970).

Returning to the ruling set out in *Barnes* v. *Dyer, supra,* 56 Vt. 469 and *Corliss* v. *Village of Richford, supra,* 85 Vt. 85, the issue here is the applicability of that constitutional measure to the statute at hand. In both the *Barnes* case and the *Corliss* case, the defect is in the imprecise concept of "share". In effect, both cases say that the words "just" or "just and equitable" are not sufficient to convert the word "share" into a measure of sufficient uniformity to avoid having a city council or other legislative body apply the standards differently to different individuals.

■ The word "value" is not the same. Although there are different kinds of value and differing values relating to use or utility, for taxation purposes value is almost invariably governed by the judgment of the free market place. It is the worth established by the bargaining process of a willing buyer and a willing seller.

It may be inquired as to why the Legislature did not see fit to use the phrase "fair market value" if that is the appropriate construction of "fair and just value" in the context of this statute, as we hold it to be. The answer suggests itself in the nature of the property involved. We are dealing with equipment, track and ties, and even real estate of specialized utility, infrequently marketed in connection with its purpose, that of a railroad. Like utility properties, establishing valid market value is made difficult because of the limited market and paucity of sales data. See *Town of Barnet* v. *Central Vermont Public Service Corp.*, 131 Vt. 578, 581, 313 A.2d 392 (1973).

■ Moreover, there is a responsibility in construing taxing statutes to find, if possible under the law, some allowable mode of legalizing the collection of taxes justly due. *ABC Realty Corp.* v. *Bissonette*, 129 Vt. 227, 229, 274 A.2d 694 (1971). Here we can also call upon the support of administrative practices as evidenced in this case, since they are consistent with our view of the statute. See *State* v. *Rutland R.R.*, 81 Vt. 508, 511, 71 A. 197 (1908). The testimony of the state appraiser indicated the use, under this statute, of the income approach, cost approach and profit and loss approach. These are all techniques for arriving at

fair market value. *Town of Barnet* v. *New England Power Co.*, 130 Vt. 407, 412, 296 A.2d 228 (1972). It was his testimony that he sought to arrive at fair market value of the property. He used comparable properties in his valuation of the real estate, just as is required by statute in grand list appraisals. See 32 V.S.A. § 4467. He took into account the concept of "highest and best use", as well. See 19 V.S.A. § 221(2).

The taxpayer contends that, even granting that the taxing statute is not constitutionally defective, which we say it is not, the procedures in this case are erroneous. It argues that it is apparent from his testimony that the state appraiser used only the market data approach in reaching the conclusions to which he testified, which the taxpayer says, both denies him the equal protection of the laws as guaranteed by constitutional law, and also is contrary to our law as set out in *Town of Barnet* v. *Central Vermont Public Service Corp., supra,* 131 Vt. 578, 581, 313 A.2d 392 (1973).

There is no doubt that this Court has several times spoken out against the use of a single method of appraisal. Besides the *Barnet* cases, there is the case of *In re Heath,* 128 Vt. 519, 524-25, 266 A.2d 812 (1970), and *In re Hughes and Wright,* 132 Vt. 334, 337-39, 318 A.2d 676 (1974). The key concern in each of these cases is the use of a single method of assessment without regard to the fact that it led the appraisers away from rather than toward fair market value, or comparable listed value. Equal protection of the law is achieved by appraisal of all railroad properties at fair market value.

Implicit in these cases are two propositions: first, that there is a duty to explore all methods that help in determining fair market value; second, that methods or approaches that do not lead toward fair market value should not be used. The testimony in this case was that the income approach would not reflect market value because this particular railroad did not have freight revenues. Because most of the property had been acquired in the early twentieth century, the cost approach was rejected as not giving guidance to fair market value. See *Town of Barnet* v. *New England Power Co., supra,* 130 Vt. 407, 412, 296 A.2d 228 (1972). This evaluation of the various approaches is consistent with our case law and is no violation of any equal protection concerns. The appraisal below is valid.

*Judgment affirmed.*